**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ARTHUR LAPAGLIA, as Administrator of the Estate of Joseph LaPaglia, ) ) ) | Case No. 1:08 CV 3025 |
| Plaintiff, ) ) | Judge Dan Aaron Polster |
| vs. ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| MYLAN, INC., et al., ) ) | |
| Defendants. ) | |

Before the Court are the following pending motions:

(1) Motion for Summary Judgment filed by Defendants Mylan, Inc., Mylan Pharmaceuticals, Inc., Mylan Technologies (collectively, "Mylan") (**ECF No. 29**) (hereafter, "Motion"), and

(2) Cross Motion for Summary Judgment on the Issue of Product Identification filed by Plaintiff Arthur LaPaglia, as Administrator of the Estate of his son, Joseph LaPaglia ("Plaintiff") (**ECF No. 31**) (hereafter, "Cross Motion").

The Court has reviewed the motions, the briefs and the attachments and has concluded, for the following reasons, that the Motion and the Cross Motion must be **DENIED**.

**I.**

On April 2, 2009, Plaintiff Arthur LaPaglia, as Administrator of the Estate of his son, Joseph LaPaglia, filed this product liability, wrongful death action against Defendants Mylan, Inc., Mylan Pharmaceuticals, Inc., Mylan Technologies (collectively, "Mylan") and John Does. Therein, Plaintiff alleged that Joseph's death on January 5, 2007 was caused by a defective 75

mcg/hr fentanyl transdermal patch designed, manufactured, marketed and distributed by Mylan. Plaintiff alleges claims against Mylan under the Ohio Revised Code for strict product liability (O.R.C. § 2307.71), manufacturing defect (O.R.C. § 2307.74), marketing defect (O.R.C. § 2307.76), design defect (O.R.C. § 2307.75) and failure to conform to representations (O.R.C. § 2307.77). Plaintiff alleges claims against Mylan under Ohio's Uniform Commercial Code for breach of implied warranty of fitness (O.R.C. § 1302.28) and breach of express warranty (O.R.C. § 1302.26). Finally, Plaintiff alleges a claim of negligence and vicarious liability against John Does.

On January 20, 2010, Mylan filed a Motion for Summary Judgment arguing that the claims against it must be dismissed with prejudice because a basic, predicate element of all Plaintiff's claim is missing, namely, the identification of Mylan as the manufacturer of the allegedly defective fentanyl transdermal patch that caused Joseph LaPaglia's death. (ECF No. 29.) Specifically, Mylan argues that Plaintiff

> has no admissible evidence to prove that Decedent Joseph LaPaglia was wearing a fentanyl patch manufactured by Mylan when he died. Pharmacy records reveal that, in the last eight days of his life, Decedent obtained fentanyl patches manufactured by two different companies, Sandoz Pharmaceuticals ("Sandoz") and Mylan Technologies Inc. ("MTI" or "Mylan"). None of the patches have been preserved, and no one can identify the manufacturer of the patch that was found on Decedent's neck when he was discovered by first responders.

(Id. at 1-2.)

Plaintiff filed an opposition brief and Cross Motion for Summary Judgment on February 5, 2010, contending that they have direct and circumstantial evidence proving that the patch that Joseph was wearing when he died was a Mylan patch. (ECF No. 31.) In support of this position, Plaintiffs have provided the following direct and circumstantial evidence:

- a photograph of the fentanyl transdermal patch Joseph was wearing on his neck at the time of his death, which photograph was taken by the Lucas County Coroner's Office during autopsy;

- a digital enhancement of the same photograph, accompanied by expert testimony of James Appleton, a forensics videographer, who digitally enhanced the photo;

- expert testimony of John Jarrell, PhD, PE, a biomedical engineer, who has opined to a reasonable degree of scientific certaintly that the patch Joseph was wearing at the time of his death was a Mylan 75 mcg/hr fentanyl transdermal patch and not a Sandoz 25 mcg/hr transdermal fentanyl patch;

- testimony of emergency-room physician David Jung, D.O. prescribing 75 mcg/hr Mylan fentanyl transdermal patches for Joseph five days before his death, and instructing Joseph to stop taking the Sandoz 25 mcg/hr fentanyl patches he had been using because they were not helping to alleviate Joseph's pain;

- pharmacy records showing that Joseph filled a prescription for 75 mcg/hr Mylan patches five days before his death;

- three boxes of Mylan 75 mcg/hr fentanyl patches in Joseph's apartment, one of which was opened; and

- observation of Joseph's mother of the patch on Joseph's neck the day before his death and Joseph's contemporaneous statement, recounted by his mother, that he was wearing a new patch, that it was a 75 milligram patch and that seemed to work better.

(Id.)

Mylan has timely filed a Reply Memorandum, maintaining that no genuine issue of material fact exists regarding product identification and summary judgment should be entered in Mylan's favor because Plaintiff obtained much of this evidence after Mylan filed its summary judgment motion, relies on self-serving testimony which is inadmissible, etc.  (ECF No. 34.) Mylan asks the Court to at least defer ruling on the motions until it has an opportunity to conduct discovery on the qualifications, analytic methods and conclusions of Plaintiff's experts.  (Id.)

The Court has reviewed the motions, briefs and attachments and finds that Plaintiff has provided sufficient evidence to create a genuine issue of material fact regarding whether Mylan is the manufacturer of the allegedly defective patch that caused Joseph's death.  At the same time, the Court finds that Plaintiff has not proved as a matter of law that Mylan is the manufacturer of the subject patch, and that this will be a highly contested fact issue that will properly be submitted to the jury at trial.  The discovery deadline is June 1, 2010.  There is plenty of time for Mylan to conduct the discovery needed to challenge Plaintiff's evidence on product identification.

Accordingly, the Court hereby **DENIES** both the Motion for Summary Judgment (**ECF No. 29**) and the Cross Motion for Summary Judgment (**ECF No. 31**) on the question of product identification.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     February 16, 2010*  
**Dan Aaron Polster**  
**United States District Judge**